**Kamran M. KARKHANECHI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75550.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

Shawn Sedaghat, Esq., Law Offices of Shawn Sedaghat, Encino, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Elizabeth J. Stevens, Esq., Ari Nazarov, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

■ Kamran M. Karkhanechi, a native of Iran and citizen of Canada, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the IJ's determination of abandonment for substantial evidence. *Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir.1997). We deny in part and dismiss in part the petition for review.

■ The government established that for the six years preceding the commencement of removal proceedings, Karkhanechi's primary residence, immediate family, employment, and property ties were in Canada and not in the United States. Thus, the evidence established that Karkhanechi's stay in Canada was not a "temporary visit abroad." *See id.* at 1514–15 (holding that the trier of fact should consider the alien's ties in the United States and the foreign country to determine whether he has maintained an uninterrupted intention to return during the entirety of his trip abroad). Accordingly, substantial evidence supports the IJ's determina-

tion that Karkhanechi abandoned his permanent residence.

■ We lack jurisdiction to review Karkhanechi's contention that the IJ did not properly weigh the evidence as he did not raise this contention before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004) (requiring exhaustion of administrative remedies for constitutional claims premised on procedural errors that the agency could have remedied).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

